UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WENDY MCLEOD,**

    **Plaintiff,**

v.                                  Case No.

**AGEWELL LIVING, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Wendy McLeod** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **AgeWell Living, LLC,** ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*) and 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Pinellas County, which lies within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a resident of the State of Florida.

5. Defendant is domestic Florida LLC that is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FMLA.

10. At all times material hereto, Defendant was an "employer" within meaning of the ADA and the FMLA.

11. At all times material hereto, Plaintiff was a protected employee under the FMLA.

12. At all times material hereto, Plaintiff worked at least 1,250 hours within the last year of her employment.

13. At all times material hereto, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace where she took her direction from and reported on a daily basis.

14. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

15. Plaintiff was employed by Defendant from on or around November 20, 2023, until her unlawful termination on or around August 11, 2025.

16. At the time of her termination, Plaintiff held the position of Regional Wellness Director.

17. As Defendant was aware, Plaintiff suffered from adhesive capsulitis, a serious health condition involving pain and stiffness in the shoulder.

18. At all times relevant, Plaintiff suffered from a physical impairment that substantially limited one or more of her major life activities, including lifting, sleeping, performing manual tasks, and working.

19. At all times relevant, Plaintiff suffered from a serious health condition as defined by the FMLA.

20. At all times, Plaintiff was able to perform the essential functions of her position with or without accommodation.

21. Plaintiff requested medical accommodations in the workplace.

22. Plaintiff's requests were reasonable and would not have posed an undue hardship on the business.

23. On or about August 6, 2025, Plaintiff informed Senior VP of Wellness Lorrie Kovac that she would need to undergo surgery to treat her disability/serious health condition.

24. Plaintiff requested to take a medical leave of absence as an accommodation.

25. At all times relevant, Plaintiff was eligible to take protected FMLA leave.

26. On Monday, August 11, 2025, Plaintiff formally requested to take protected medical leave under the FMLA.

27. In direct retaliation to protected activity under the ADA and FMLA, Defendant terminated Plaintiff's employment later that day.

28. Defendant retaliated against Plaintiff because of her requests for medical accommodations and FMLA leave.

29. Defendant terminated Plaintiff's employment under pretext.

30. Plaintiff was terminated due to her disability and serious health condition and in retaliation to her protected activity under the ADA and FMLA.

31. Defendant interfered with Plaintiff's FMLA rights by terminating her employment rather than allowing her to take protected leave to which she was entitled.

32. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the ADA and the FMLA.

33. Defendant's reason for terminating Plaintiff is pretext.

## COUNT I —ADA VIOLATION
## (DISABILITY DISCRIMINATION)

34. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff is a member of a protected class under the ADA due to her disabilities.

36. Plaintiff was subjected to disparate treatment due to her disabilities.

37. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

38. Defendant's stated reasons for terminating Plaintiff were pretext for unlawful discrimination.

39. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the ADA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's disabilities;

    (b) Enjoin and permanently restrain Defendant from further violations of the ADA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## COUNT II — ADA RETALIATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under the ADA due to her disabilities.

42. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

43. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

44. Defendant has taken material adverse action against Plaintiff.

45. Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to unlawful retaliation under the ADA;

    (b) Enjoin and permanently restrain Defendant from further violations of the ADA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## COUNT III - FMLA RETALIATION

46. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 33 of this Complaint as though fully set forth herein.

47. Plaintiff exercised or attempted to exercise her rights under the FMLA.

48. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

49. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FMLA INTERFERENCE

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint as though fully set forth herein.

52. Plaintiff was eligible for FMLA.

53. Defendant is a covered employer as defined by the FMLA.

54. Plaintiff took leave, or attempted to take leave, for a serious health condition under the FMLA.

55. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of his/her employment and terminating Plaintiff's employment.

56. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

57. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 23rd day of December 2025.

           Respectfully submitted,

           *s/ Samuel Doxsee*
           **SAMUEL DOXSEE**
           Florida Bar Number: 127318
           **CHAD A. JUSTICE**
           Florida Bar Number: 121559
           **JUSTICE LITIGATION ASSOCIATES, PLLC**
           1205 N Franklin St
           Suite 326
           Tampa, Florida 33602
           Direct No. 813-566-0550
           Facsimile: 813-566-0770
           E-mail: sam@justicelitigation.law
           E-mail: chad@justicelitigation.law
           **Attorneys for Plaintiff**